**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

| | |
|---|---|
| KEITH BARKLEY, | : |
|     Plaintiff, | : |
| v. | :   Civil Action No. GLR-14-399 |
| STATE OF MARYLAND, et. al., | : |
|     Defendants. | : |

**MEMORANDUM OPINION**

Pending before the Court is Defendants', State of Maryland and Edmund O'Leary, Motion for Summary Judgment. (ECF No. 33). Having reviewed the pleadings and supporting documents, the Court finds no hearing necessary. See Local Rule 105.6 (D.Md. 2014). For the reasons outlined below, the Motion will be granted.

**I. BACKGROUND**

On June 5, 2000, Plaintiff Keith Barkley pled guilty to child abuse and, on June 13, 2000, he was sentenced to the Maryland Department of Corrections ("DOC") for a period of 833 days, time served. (Bartholomew Decl. Ex. 1, at ¶ 3, ECF No. 33-2). According to the statement of charges filed in the case, Barkley's conduct involved the sexual abuse of the victim. (Id.). The child abuse occurred in 1990-1991. (Id.). At the time of his sentencing for the child abuse charge, Barkley was serving other sentences. (Id. at ¶ 4). He was released from the DOC to mandatory supervision on March 6, 2011, and his term of mandatory supervision expired on January 5, 2002. (Id.).

In 2001, Maryland's sex offender registration law was amended to mandate registration of sex offenders who committed an offense requiring registration before July 1, 1997, if the offender was either in custody or under the supervision of a supervising authority on October 1, 2001. Md. Code. Ann., Crim. Proc. § 11-702.1(a) (2001 Repl. Vol.). Because Barkley was on mandatory supervision as of October 1, 2001, Maryland's registration statute required Barkley's registration on that date. As a result of an error on the part of the Maryland Sex Offender Registry ("MSOR"), however, Barkley was not registered at that time.

In April 2012, Barkley returned to DOC custody and was confined at Poplar Hill Pre-Release Unit ("PHPRU") for charges related to indecent exposure and theft. Upon reviewing Barkley's case file and confirming with MSOR staff that Barkley's conviction for child abuse required his registration on the MSOR, Edmund O'Leary, a Correctional Case Management Specialist, advised Barkley that he was being placed on the MSOR database. (O'Leary Decl. Ex. 2, at ¶¶ 3-4, ECF No. 33-5). Subsequently, on September 9, 2013, upon convictions for distribution of CDS and possession of CDS, Barkley was sentenced to serve a period of twenty years. He is presently confined at the DOC's Eastern Correctional Institution.

At time of the filing of this action on February 10, 2014, Barkley was listed on the MSOR. Barkly initiated this action pursuant to 28 U.S.C. § 1983 (2012), alleging O'Leary wrongly registered him on the MSOR because his conviction for indecent exposure, for which he is serving his sentence, is not an offense requiring registration, and that he had no other convictions that would otherwise require registration. Barkley contends that, as a result of being wrongly registered on the MSOR, he has lost a book contract deal and was denied admission to film school. Further, Barkley alleges his subsequent drug use, rearrest, and twenty-year sentence of confinement are all attributable to being wrongly placed on the MSOR.

Barkley claims being wrongly placed on the MSOR is cruel and unusual and constitutes an abuse of power and official misconduct. He requests that his name be removed from the MSOR and seeks two-million dollars in damages and asks that O'Leary be terminated from his position. Defendants Motion for Summary Judgment has been fully briefed and is ready for disposition.

## II. Discussion

**A.  <u>Standard of Review</u>**

Under Federal Rule of Civil Procedure 56, the Court must grant summary judgment if the moving party demonstrates that there is no genuine issue as to any material fact, and that the moving party is entitled to judgment as a matter of law.

Fed.R.Civ.P. 56(a). In reviewing a motion for summary judgment, the Court views the facts in a light most favorable to the nonmoving party. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986) (citing Adickes v. S.H. Kress & Co., 398 U.S. 144, 157 (1970)). Once a motion for summary judgment is properly made and supported, the opposing party has the burden of showing that a genuine dispute exists. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586–87 (1986).

"[T]he mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine issue of material fact." Anderson, 477 U.S. at 247–48 (alteration in the original). A "material fact" is a fact that might affect the outcome of a party's case. Id. at 248; see also JKC Holding Co. v. Wash. Sports Ventures, Inc., 264 F.3d 459, 465 (4th Cir. 2001) (citing Hooven–Lewis v. Caldera, 249 F.3d 259, 265 (4th Cir. 2001)). Whether a fact is considered to be "material" is determined by the substantive law, and "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." Anderson, 477 U.S. at 248; Hooven–Lewis, 249 F.3d at 265.

"The party opposing a properly supported motion for summary judgment may not rest upon the mere allegations or denials of

[his] pleadings, but rather must set forth specific facts showing that there is a genuine issue for trial." Bouchat v. Balt. Ravens Football Club, Inc., 346 F.3d 514, 525 (4th Cir. 2003) (alteration in original) (quoting Fed.R.Civ.P. 56(e)). The Court must "view the evidence in the light most favorable to ... the nonmovant, and draw all reasonable inferences in her favor without weighing the evidence or assessing the witness credibility," Dennis v. Columbia Colleton Med. Ctr., Inc., 290 F.3d 639, 645 (4th Cir. 2002).

**B.   Analysis**

On March 4, 2013, subsequent to Barkley's placement on the MSOR, the Maryland Court of Appeals concluded that retroactive application of Maryland's sex offender registration laws violates the prohibition against ex post facto laws under Article 17 of the Maryland Declaration of Rights. Doe v. Dep't of Pub. Safety & Corr. Servs. (Doe I), 62 A.3d 123, 133 (Md. 2013). Then, on June 30, 2014, the Maryland Court of Appeals addressed the conflict between the federal Sex Offender Registration and Notification Act ("SORNA") and the state constitution. Dep't of Pub. Safety & Corr. Servs. v. Doe (Doe II), 94 A.3d 791, 794 (Md. 2014). The Maryland Court of Appeals concluded that notwithstanding the federal registration obligations of SORNA, the State of Maryland had the authority to remove sex offender

registration information from MSOR where such registration violated the state constitution. Id. at 811.

Following the issuance of the opinion of the Court of Appeals in Doe II, MSOR staff conducted a review of Barkley's case and determined that Barkley was not required to register in the State of Maryland as a sex offender. (Bartholomew Decl. Ex. 1, at ¶ 7). By letter dated October 31, 2014, the MSOR notified Barkley that his name and other identifying information had been removed from the MSOR and the National Sex Offender Registry. (Defs.' Mot. Summ. J. Ex. 1, Attach. A, ECF No. 33-3). Barkley's information is no longer contained on the MSOR's public website and all relevant federal agencies have been advised of his removal from the MSOR. (Defs.' Mot. Summ. J. Ex. 1, Attach. B, ECF No. 33-4); (Bartholomew Decl. Ex. 1, at ¶ 9). Thus, Barkley's claim for injunctive relief in the form of an order directing his removal from the MSOR is moot, and will be dismissed.

To the extent Barkley seeks damages pursuant to § 1983, he has failed to allege any constitutional violation. In analyzing Alaska's retroactive sex offender registration statute, the United States Supreme Court concluded that retroactive application of the statute did not violate the federal Constitution's Ex Post Facto Clause. Smith v. Doe, 538 U.S. 84, 105-06 (2003). Additionally, the United States Court of Appeals

for the Fourth Circuit concluded that because SORNA's registration requirements have a legitimate, non-punitive purpose, they do not violate the Eighth Amendment's prohibition on cruel and unusual punishment. United States v. Under Seal, 709 F.3d 257, 266 (4th Cir. 2013).

Finally, even assuming Barkley has properly alleged a constitutional violation, his claims are barred by the Eleventh Amendment. The Eleventh Amendment immunizes states from suit brought in federal court absent waiver from the state or a clear exercise of congressional power to override such immunity under the Fourteenth Amendment. Will v. Mich. Dep't of State Police, 491 U.S. 58, 66 (1989). The State of Maryland has not expressly waived its immunity under the Eleventh Amendment to such suits. Further, a suit against a state official acting in his official capacity is no different from a suit against the state itself. Id. at 71. Accordingly, the State of Maryland and O'Leary, in his official capacity, must be dismissed from this action.

With respect to the claims against O'Leary in his individual capacity, Barkley's claim similarly fails. Even where a defendant participated in constitutionally impermissible conduct, he may be "shielded from liability for civil damages if [his] actions did not violate 'clearly established statutory or constitutional rights of which a reasonable person would have known.'" Hope v. Pelzer, 536 U.S. 730, 739 (2002) (quoting

7

Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982)). Here, Barkley was placed on the MSOR pursuant to Maryland's sex offender registration law and prior to the Maryland Court of Appeals decision that retroactive registration violated the state constitution. Thus, to the extent Barkley has alleged the deprivation of a constitutional right, if at all, that right was not clearly established at the time of the alleged violation. Accordingly, O'Leary, is entitled to immunity and must be dismissed from this action.

### III. CONCLUSION

For the reasons given above, Defendants' Motion for Summary Judgment (ECF No. 33) is GRANTED. A separate Order will follow.

Entered this 2nd day of September, 2015

/s/
_____
George L. Russell, III
United States District Judge